IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TANYA PAGET,<br><br>                  Plaintiff,<br><br>      v.<br><br>AMXYFBK, et al.,<br><br>                  Defendants. | Civil Action No. 25-cv-1106<br><br>Judge Hardy<br><br>**<u>FILED UNDER SEAL</u>** |

## ORDER OF COURT

Upon consideration of Plaintiff's Ex Parte Motion for TRO/Preliminary Injunction, Motion for Alternative Service, and supporting declarations and exhibits, and in consideration of Plaintiff's offer to supplement its filings, it is ORDERED that, by **close of business on August 1, 2025**, Plaintiff shall supplement its Motion for TRO/PI, Memoranda of Law, and supporting declarations and exhibits with additional affidavits/declarations, supporting documents, and proposed findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 65 and Section II (F) of this Judicial Officer's published Practices and Procedures. Such supplemental submissions MUST also address:

1. For each Defendant, state whether Plaintiff previously brought any action, claim, or proceeding in any court or tribunal in which Plaintiff sought to enforce the same copyright against the same Defendant.

2. For each Defendant against whom an earlier action, claim, or proceeding has been brought, identify (a) the court(s) or tribunal(s) in which such claim was brought; (b)

the case number of such action; (c) the copyright that Plaintiff sought to enforce (identified by copyright number and description); and (d) the current status of such action as to each Defendant.

3. For each Defendant, identify the factual and legal basis for the Court's personal jurisdiction, stating with specificity each Defendant's contacts with Pennsylvania and the United States, including known sales of the putatively infringing product(s) (or, in the absence of such data, a good faith estimate thereof). *See Forcel Media Limited v. DECYI*, No. 25-750, 2025 WL 1665589, at *2 (W.D. Pa. June 12, 2025)("[w]ithout a showing that sales and shipments of Defendants' infringing products at issue here were made to Pennsylvania, the Court would not be satisfied that personal jurisdiction exists" and "if Forcel or its counsel or agents simply ordered these products to create personal jurisdiction, that doesn't work"), citing *Zang v. AAGGO*, No. 25-85, 2025 WL 1158909, at *3 (W.D. Pa. Apr. 21, 2025) (Stickman, J.) (" . . . personal jurisdiction will not *attach absent any evidence of actual sales* to the forum state.") (emphasis in original) and *Nifty Nome Prods. Inc. v. Ladynana US*, No. 23-1332, 2024 WL 4987245, at *3 (3d Cir. Dec. 5, 2024) (finding in context of review of district court's denying motion to vacate default judgment, a 'colorable argument' that single sale from each defendant into Pennsylvania – set up by plaintiff in each instance – was insufficient to show purposeful availment.").

4. Explain how all Defendants are properly joined pursuant to Fed. R. Civ. P. 20 and show cause why each Defendant, or certain of them, should not be severed.

5. Supply controlling legal authority for this Court to issue a blanket asset freeze without record evidence that all such assets to be frozen had been acquired by each Defendant's

infringing activity; state whether (and why) a temporary asset restraint limited to $500 per Defendant would be inadequate.

6. Explain why a security bond in an amount less than $50,000 would be adequate to protect against the costs and damages as may be incurred or suffered by each and all Defendants found to have been wrongfully enjoined or restrained.

7. State whether Plaintiff has availed itself of the involved online platforms' "takedown" feature, and whether (and why) Plaintiff believes that such feature is inadequate to prevent future irreparable harm.

8. Plaintiff shall expeditiously file proof of service as to each Defendant. *See* Fed.R.Civ.P. 4(l).

Dated: July 25, 2025

/s/ W. Scott Hardy  
United States District Judge

cc  Stanley D. Ference III, Esq.  
    courts@ferencelaw.com